UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY DARNELL KENNEDY,
    Plaintiff,

vs.                                              06-1115

S. GODINEZ, et al.
    Defendants.

## ORDER

The plaintiff, a state prisoner, filed this action pursuant to 42 U.S.C. §1983 on May 4, 2006 against 13 defendants at the Pontiac Correctional Center. The plaintiff also filed a motion for a restraining order and motion to proceed in forma pauperis. The plaintiff's case was set for a merit review hearing and his motion to proceed in forma pauperis was granted. *See* May 4, 2006 Text Order, May 15, 2006 Text Order.

The basis of the plaintiff's complaint is his claim that he should not be required to provide a DNA test. The plaintiff has repeatedly refused requests to submit to such a test and as a result, he has received numerous disciplinary tickets. In each case, the plaintiff has been found guilty and lost good time credits. In addition, the prison extraction team was called to plaintiff's cell on June 23, 2005 when he refused the DNA test and the plaintiff alleges that excessive force was used. Apparently the plaintiff was forced to provide a DNA sample on this occasion.
Documentation from prison officials attached to the complaint states that plaintiff was required to provide a blood sample pursuant to Illinois law. *See* 730 ILCS 5/5-4-3.

The court does not have occasion to consider the merits of the plaintiff's claims. The plaintiff again failed to inform the court that he has had three prior lawsuits dismissed for failure to state a claim upon which relief can be granted.

Title 28, United States Code, Section 1915, provides in relevant part:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The plaintiff was accessed strikes in three cases from the Northern District of Illinois. (*Kennedy v. Hughes*, 91 C 20283; *Kennedy v. Page,* 99 C 6067; and *Kennedy v. Briley*, 01 C 2449) In the Central District of Illinois, the plaintiff was specifically advised that he had accumulated three strikes. *See Kennedy v Schomig,* 01-cv-1262. The plaintiff was given time to pay the filing fee, but he was warned that his case could be dismissed due to his failure to mention the previous strikes. "<u>The plaintiff is also advised that any future effort to proceed in forma pauperis will result in the immediate</u>

termination of the litigation unless plaintiff demonstrate that the imminent danger exception of §1915(g) applies." *Kennedy v Schomig,* 01-cv-1262, November 19, 2003 Court Order.

The plaintiff has not clearly stated in either his complaint or his motion to proceed in forma pauperis that he has accumulated three strikes.  In addition, the plaintiff has not demonstrated that he is in any imminent danger.  The purpose of the exception is to provide "an escape hatch for genuine emergencies..." Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir.2002).  While the plaintiff has filed a motion for a restraining order, there is nothing about his situation that puts him in any immediate physical danger.

Therefore, the plaintiff's in forma pauperis status will be revoked and this case will be dismissed. The court agrees with the reasoning of  Sloan v. Lesza. 181 F.3d 857, 859 (7th Cir. 1999) which states  "[a]n effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §1915(g) applies to a  particular litigant will lead to immediate termination of the suit." Sloan v. Lesza. 181 F.3d 857, 859 (7th Cir. 1999)

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's in forma pauperis status is revoked. The clerk is directed to strike the May 15, 2006 Text order granting in forma pauperis status.**

**2) The clerk is to add the plaintiff's name to this list of inmates who have accumulated three strikes pursuant to  28 U.S.C. § 1915(g).**

**3) The plaintiff's case is dismissed in its entirety for failure to inform the court of his status pursuant to 28 U.S.C. §1915(g)**

**4) All other pending motions are denied as moot. [d/e 2, 6]**

**5) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher.  Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory  fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

Entered this_2nd__day of June, 2006.

                                            **s\Harold A. Baker**
                                _____
                                            HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE